59 F.3d 167
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 PAN AMERICAN HEALTH ORGANIZATION, Plaintiff-Appellant,
v.
MONTGOMERY COUNTY, MARYLAND; County Council for Montgomery
County, sitting as the District Council for that portion of
the Maryland-Washington Regional District located in
Montgomery County, Defendants-Appellees.
MARYLAND DEPARTMENT OF ECONOMIC AND EMPLOYMENT DEVELOPMENT;
The Chevy Chase Coordinating Committee; Town of Chevy
Chase; Chevy Chase Village; Village of North Chevy Chase;
Chevy Chase Section 3; Chevy Chase Section 4A; Chevy Chase
Section 5; Martin's Additions; Chevy Chase Hills Citizens
Association; Coquelin Run Citizens Association; East
Bethesda Citizens Association; Hamlet Citizens Association;
Rollingwood Citizens Association; Rock Creek Hills
Association; Chevy Chase Valley Citizens Association;
Friendship Heights Coordinating Committee; Bethesda-Chevy
Chase Coalition; Town of Somerset; Town of Garrett Park;
Patrick Fagan; Theresa Fagan; Ira Shesser; Kay Titus;
General Secretariat of the Organization of American States,
Amici Curiae.
 No. 94-1486.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 26, 1994
Decided June 21, 1995
 
 ARGUED: James Thomas Lenhart, SHAW, PITTMAN, POTTS & TROWBRIDGE, Washington, D.C.; John Joseph Delaney, LINOWES & BLOCHER, Silver Spring, Maryland, for Appellant. Angela Katherine Hart, Senior Assistant County Attorney, Rockville, Maryland, for Appellees. ON BRIEF: Deborah B. Baum, SHAW, PITTMAN, POTTS & TROWBRIDGE, Washington, D.C., for Appellant. Joyce R. Stern, County Attorney, Edward B. Lattner, Assistant County Attorney, Rockville, Maryland, for Appellees. J. Joseph Curran, Jr., Attorney General of Maryland, Michele J. McDonald, Rachel K. Nunn, Lawrence P. Fletcher-Hill, Baltimore, Maryland, for Amicus Curiae Maryland Department of Economic and Employment Development; James H. Hulme, Christopher Van Hollen, Helen L. Gemmill, ARENT, FOX, KINTNER, PLOTKIN & KAHN, Washington, D.C., for Amici Curiae Chevy Chase Coordinating Committee, et.al; William M. Berenson, Secretariat for Legal Affairs, OAS GENERAL SECRETARIAT, Washington, D.C., for Amicus Curiae General Secretariat of the Organization of American States.
 D.Md.
 AFFIRMED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, the Pan American Health Organization ("PAHO"), a public international organization, brought this action against appellees, Montgomery County and the County Council, sitting as District Council for the portion of the Maryland Washington Regional District located in Montgomery County (collectively, "the County" or "District Council"), to challenge Zoning Text Amendment No. 93014 ("the ZTA").
 
 
 2
 The litigation arose in connection with PAHO's efforts to relocate its headquarters to 18.5 acres of residentially-zoned land in Montgomery County. PAHO believed that it was permitted to locate in the residential zone because under the Montgomery County Zoning Ordinance, "publicly owned or publicly operated uses" are permitted as matter of right in all zones. Chapter 59, Montgomery County Code 1984, as amended ("Zoning Ordinance"). After receiving repeated assurances from County representatives, PAHO executed a purchase agreement for the property in August 1993.
 
 
 3
 In the Fall of 1993, the District Council adopted the ZTA, which provides, inter alia, that international organizations are "not publicly owned or publicly operated use[s] for purposes of this chapter," thereby precluding PAHO's planned relocation.
 
 
 4
 PAHO filed suit, claiming that (1) the District Council did not have the authority to enact the ZTA because the state's "mandatory referral process," under which public entities are required to go through a non-binding land-use review process but may not be excluded from any zone, preempts the local zoning authority; (2) the ZTA violates the equal protection guarantees of the Fourteenth Amendment and the Maryland Declaration of Rights, by creating an unjustifiable classification under which public international organizations are denied the rights of their domestic counterparts solely on the basis of their nondomestic or alien status; and (3) the ZTA impermissibly intrudes on the unique federal authority over foreign relations. With no facts in dispute, both parties moved for summary judgement.
 
 
 5
 On March 14, 1994, the district court granted judgment in favor of the County. The court found that the District Council had the authority to enact the ZTA and that the ZTA was not an impermissible intrusion into foreign relations but was within the realm of permissible state legislation which only incidentally influences foreign affairs. The court also found that the ZTA does not create a classification violative of the Equal Protection Clause since it addresses the only group over which the County has zoning authority (its domestic counterparts being exempt from zoning regulation as sovereigns), and, even if PAHO could be construed as similar to federal, state, or local entities, any different treatment here does not defy rational explanation. PAHO appealed, arguing that the court erred in all of its conclusions.
 
 
 6
 Because we believed that the first issue presented a threshold inquiry and required interpretation and application of Maryland substantive law in circumstances not addressed in published opinions of the Maryland courts, we certified the following question to the Court of Appeals of Maryland:
 
 
 7
 Whether the County Council for Montgomery County, sitting as the District Council, had the authority under state law to enact zoning legislation that had the effect of prohibiting the Pan American Health Organization from locating its headquarters in a residentially-zoned area in Montgomery County.
 
 
 8
 The Court of Appeals for Maryland recently responded and answered in the affirmative. Pan Am. Health Org. v. Montgomery County, Md., Misc. No. 30 (Md. May 11, 1995). In brief, the court concluded that, although the state's mandatory referral provision requires that all "public" building projects be submitted to a council for non-binding review, and thus are not governed by County zoning laws, the term "public" in that provision does not include public international organizations. Rather, "public" in that statute refers to only federal, State, and local governments, entities that are already exempt from the enactments of district councils. Therefore, the County Council had the authority to enact the ZTA.
 
 
 9
 We now must consider PAHO's two remaining claims. PAHO argues that, contrary to the district court's conclusion, the ZTA does treat similarly situated persons differently and that differentiation, between international public organizations and domestic public entities, is not simply an acknowledgment of the exemption of sovereign governmental actors, as demonstrated by the Zoning Ordinance's broad exemption of all "publicly owned or operated uses" and by the fact that certain domestic public entities are not exempt from zoning regulation. PAHO also contends that the district court erred in concluding that the ZTA was a permissible, incidental intrusion into the federal government's conduct of foreign policy. Having reviewed the record, we affirm the district court's disposition of both of those claims on the reasoning of that court.
 
 AFFIRMED